UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN PETERS | CIVIL ACTION |
| v. | NO. 16-3064 |
| JAZZ CASINO COMPANY, LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury lawsuit arises from a plaintiff's allegations that he deliberately stepped on a hose in a service entry driveway outside Harrah's Hotel in New Orleans, Louisiana, which caused him to fall and break his wrist.

Jonathan Peters is a project line manager for Teledyne CETAC Technologies. He is also a musician. When in New Orleans for a business trip from March 8 and March 13, 2015, Peters stayed at Harrah's Hotel. Peters went to dinner and had a couple of beers with work colleagues on March 12. After dinner, he returned to Harrah's and went to the casino, where he played poker for a couple

1

of hours and drank three more beers.  Peters returned to his hotel room at around 1:00 or 1:30 a.m.  Hungry, he left the hotel to find something to eat.

It was drizzling outside when Peters exited the main entrance of the hotel.  He walked west on South Peters Street on a red brick sidewalk adjacent to the hotel.  When he started walking across a hotel driveway on the sidewalk, his feet allegedly started sliding.  Worried he might slip and fall, Peters noticed a hose located down the slope of the driveway, running parallel to the street.  Rather than continuing to walk along the sidewalk, Peters decided to step on the hose to stabilize his footing.[1]  During his deposition, Peters explained, "I saw a hose on the ground and mistakenly thought it would be less slippery of a surface than the red brick and put my foot on it and slipped and broke my wrist."  But when Peters stepped on the hose, his right foot immediately slipped on the surface of the hose, and he fell, landing on his right wrist, which broke.  He had surgery and alleges that his right wrist is now permanently damaged, his range of motion permanently impeded.

Jonathan Peters sued Jazz Casino Company, LLC (the hotel operator) and JCC Fulton Development, LLC (the hotel owner) in

---

[1] It is undisputed that the plaintiff could have reversed course to avoid the driveway and the hose, or he could have walked across the driveway on the sidewalk without stepping on the hose.

state court. Peters alleges that the defendants' negligence created an unreasonable risk of harm, which caused him to fall and break his wrist. On April 13, 2016, the defendants removed the cased to this Court, invoking the Court's diversity jurisdiction. The defendants now seek summary relief.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish

3

an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2).  "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted).  In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Scott v. Harris, 550 U.S. 372, 378 (2007).  Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Louisiana law governs this diversity case. Louisiana Revised Statute § 9:2800.6 establishes the plaintiff's burden of proof in slip and fall claims against merchants like Harrah's:[2]

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, <u>the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following</u>:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is

---

[2] Pursuant to La. R.S. 9:2800.6 C(2), hotel owners and operators are considered merchants in public areas of a hotel. Public areas of a hotel include areas outside of a merchant's business. <u>Davis v. Cheema, Inc.</u>, 2014-1316 (La. App. 4 Cir. 5/22/15), 171 So.3d 984. It is undisputed that Peters' claims against Jazz Casino Company and JCC Fulton Development arise under this law.

> insufficient, alone, to prove exercise of reasonable care.
>
> C. Definitions
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> ...
>
> (Emphasis added).

While a merchant owes a duty to its patrons to exercise reasonable efforts to keep the premises free of any hazardous conditions which might give rise to damage, merchants are not required to insure against all accidents that could occur on the premises. La. R.S. 9:2800.6 A; Retif v. Doe, 93-1104 (La. App. 4 Cir. 2/11/94), 632 So.2d 405, 408, *writ denied*, 1994-1000 (La. 6/17/94), 638 So.2d 1095.

Where, as here, the plaintiff alleges that a merchant is liable for the injuries caused by his slip and fall, the plaintiff has the burden to prove that:

1. The condition presented an unreasonable risk of harm to the plaintiff and that risk of harm was reasonably foreseeable;
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
3. The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6B; White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081, 1083. Because the plaintiff has the burden of proving all of the necessary elements of his claim for negligence under the Merchant Statute, the failure to prove each and every one "is fatal to [the plaintiff's] cause of action." White, 699 So.2d at 1086.

*B.*

The defendants seek summary relief on the ground that Peters cannot establish the first essential element of the merchant liability statute: that is, that he slipped and fell due to a condition that presented an unreasonable risk of harm. The defendants submit that the hose was an open and obvious condition that did not present an unreasonable risk of harm; and that because the plaintiff cannot prove an essential element of his claim, the

defendants are therefore entitled to judgment as a matter of law. On this record, the Court agrees.

The Louisiana Supreme Court uses a risk-utility balancing test in assessing whether a condition presents an unreasonable risk of harm. Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So.3d 851, 856. It consists of four factors:

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

Id. Focusing on the second element, "a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, [Louisiana courts] consistently state[] the hazard should be one that is open and obvious to everyone who may potentially encounter it." Id. (citing Broussard v. State ex. Rel. Office of State Buildings, 2012-1238 (La. 4/15/13); 113 So. 3d 175, 184). "The open and obvious inquiry thus focuses on," the state high court has written, "the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or ascertainable knowledge." Broussard, 113 So.3d at 188. To be sure, "a landowner is not liable for an injury which

8

results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." Eisenhardt v. Snook, 2008-1287, (La. 3/17/09), 8 So.3d 541, 544-45.

In Eisenhardt, the Louisiana Supreme Court upheld the district court's ruling following a bench trial that the defendant was not liable to the plaintiff who slipped and fell on wet steps while leaving his residence. Id. The steps were wet because they were hosed down by the plaintiff's girlfriend. The district court determined and the state high court agreed, that "the condition of the steps should have been open and obvious to [the plaintiff]. While the steps may have been slipper due to water, not every minor imperfection or defect in a thing will give rise to delictual responsibility." Id. at 545.

In Bufkin, a pedestrian sued a construction company after he was struck by a bicycle when he attempted to cross a street in an area where the sidewalk was blocked by construction activity and his vision was obstructed by a large construction dumpster. Bufkin, 171 So.3d at 853. The district court denied the construction company's motion for summary judgment, rejecting the construction company's argument that it owed no duty to the plaintiff because the dumpster was obvious and apparent, not

9

unreasonably dangerous, and it had no duty to warn of the clearly visible obstruction. Id. at 853-54. The appellate court refused to grant the defendant's writ application. Id. at 854. The Louisiana Supreme Court reversed, finding that the plaintiff failed to show that he would be able to carry his burden at trial to show that a duty was owed by the defendant. Id. at 854, 859 n.3 ("Broussard should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous.").

In Morel v. Cheema Properties, LLC, 216. So.3d 383 (La.App. 5 Cir. 4/12/17), the plaintiff tripped over two hoses next to the curb and in front of the entrance of a gas station as she exited the store. The plaintiff, who was elderly and using a cane, saw the hoses, but nevertheless chose to step over them rather than go back into the store to request assistance. Id. at 384. The district court found that the hoses were open and obvious and did not present an unreasonable risk of harm, and granted summary judgment in the defendant's favor. Id. The appellate court affirmed, concluding that the plaintiff could not bear her burden of proving that the defendant owed a duty. Id. at 388. Notably, the state appellate court observed, "[t]he most significant and

undisputed fact in this case is that plaintiff saw the hoses and was aware that the hoses could cause her to fall." Id.

The summary judgment record in this case reveals that there is no dispute concerning how or where the plaintiff fell. Although the plaintiff appears to dispute whether the hose was obvious and apparent to a reasonably prudent person, he offers no evidence in support of his position that the hose was not obvious. Indeed, the plaintiff admits that the only evidence in the record regarding the condition of the walkway and the presence of the hose is his own testimony. And it is the plaintiff's testimony that the defendants invoke in support for their request for summary relief: Peters admits that he saw the hose and could have avoided it, but he deliberately chose to step on the hose in the hopes that it would have more traction than the walkway. Peters admits that he altered his course by turning to his right and walking down the slope of the driveway towards the street with the intention of stepping on the hose. This uncontroverted evidence is sufficient to establish that a reasonably prudent person could have avoided stepping on the hose by exercising ordinary care.

Insofar as the plaintiff attempts to overcome the adverse legal implication of his own testimony by arguing that his knowledge of the presence of the hose before his alleged accident

11

is insufficient to establish that the hose was open and obvious to anyone encountering the condition, this argument has no merit. Under the circumstances, it is permissible to rely solely on the plaintiff's testimony to determine the obviousness or apparentness of the alleged hazard. See Butler v. Int'l Paper Co., 636 Fed.Appx. 216, 219 (5th Cir. 2016)(per curiam)(noting that the Louisiana Supreme Court has relied upon the plaintiff's testimony or photographs of the scene to establish that a condition is open and obvious and further noting that the plaintiff testified that he was aware of the wood chips and debris on the stairs, which "leads to the inference that the wood chips would have been 'open and obvious' to others using the stairs."); see also Rodriquez v. Dolgencorp, LLC, 2014-1725 (La. 11/14/14), 152 So.3d 871 (per curiam)(reversing denial of summary judgment where defendant had established that the plaintiff was aware of the shopping cart in the grocery store parking lot, noting that the plaintiff admitted in her deposition that she saw the shopping cart that caused her fall; because the plaintiff failed to come forward with evidence to show that she would be able to meet her burden at trial to show a duty on the part of the defendant, summary judgment in favor of the defendant was warranted). Simply put, the only evidence in the summary judgment record is that the alleged defect -- the hose -- was obvious and apparent. Peters could have avoided stepping

on it.  There is no evidence in the record that would support a finding that the defendants owed a duty to warn the plaintiff about the presence of the hose because the only evidence in the record refutes the plaintiff's theory that the presence of the hose was an unreasonably dangerous hazard that was hidden and concealed. The plaintiff's own testimony establishes that the complained-of condition was open and obvious to a reasonably prudent person exercising reasonable care in the circumstances.

The plaintiff nevertheless seeks to manufacture fact issues concerning the slippery condition of the walkway, or whether the time of night and poor lighting in the area impeded visibility of the hose.  Considering the condition of the walkway, the plaintiff does not dispute that the hose, not the condition of the walkway, caused his fall; the condition of the walkway is therefore not material, nor is the dispute he seeks to create some fact issue. And Peters' argument regarding lighting fails as unsupported and speculative: the plaintiff himself admits that he saw the hose, walked over to it, and deliberately stepped on it; the plaintiff submits no evidence that the lighting was poor such that it impeded his, or would have impeded a reasonably prudent person's, ability to see the hose.  Indeed, the defendants point out that the photographs attached to the plaintiff's papers show that there are

13

gas lamps, ground lights, lights on the underside of the awning, and street lights in the precise area of the plaintiff's accident.

Because the plaintiff has failed to present evidence demonstrating that he would meet his burden of proof at trial on an essential element of his negligence claims against the defendants, the defendants are entitled to summary judgment. Accordingly, IT IS ORDERED that the defendants' motion for summary judgment is GRANTED; the plaintiff's claims are hereby dismissed with prejudice.

New Orleans, Louisiana, June 28, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE